Argued April 20, reversed and remanded July 5, 1978

MATHIS, *Appellant,*
*v.*
CRISCUOLO, *Respondent.*
(No. 77-445L, CA 9898)
580 P2d 586

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for appellant.

Timothy A. Bailey and Crane & Bailey, Klamath Falls, waived appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

The sole issue presented is whether the trial court erred in awarding defendant attorney's fees as the prevailing party, under a lease provision, which stated:

> "In the event that any suit or action is brought by either of the parties hereto for the purpose of enforcing any terms, provisions or conditions herein contained, it is mutually agreed that the prevailing party in such suit or action shall be entitled to reasonable attorney fees to be fixed by the Court from and against the losing party therein."

Under the lease between plaintiff and defendant, defendant was required to pay $400 per month rent due on or before the first day of each month. Defendant failed to make his June 1, 1977, payment and plaintiff, on June 7, 1977, filed a complaint seeking the rent and attorney fees. On June 10, 1977, defendant paid the rent. The case was presented to the district court on stipulated facts and the court entered judgment for defendant in the amount of $150 attorney fees.

The trial court apparently concluded, as defendant argues, that defendant was entitled to a 30-day grace period before he was in default on his rent. The pertinent provision of the lease provides:

> "Now, in the event Lessee shall make all of the payments herein mentioned by Lessee to be made promptly and within thirty (30) days of the due date thereof, and shall keep and maintain all of the covenants herein contained on the part of the Lessee to be kept and maintained, then Lessee shall have the continued and peaceful possession of the premises herein described, but in the event that Lessee fails or omits to make any of the payments herein mentioned by Lessee to be made for a period of over thirty (30) days from the due date thereof, or shall breach any of the covenants herein contained by Lessee to be kept and maintained, then and in such event Lessor may, at Lessor's option and while such breach or default continues, declare this Lease terminated and of

[ 49 ]

no further force and effect, and may re-enter and take possession of said demised premises * * *."

This clause, however, merely provides a 30-day grace period before the plaintiff may evict the tenant and does not limit the plaintiff's other contract remedies for a default. The lease provided for a monthly rent due on the first of every month. Failure to perform this condition rendered defendant in default and permitted plaintiff to enforce the lease by appropriate legal action. *See also,* ORS 91.210. Plaintiff did so in this case and was entitled to judgment in her favor.

Reversed and remanded.